Case 2:22-cr-00166-AB Document 14 Filed 04/26/22 Page 1 of 15 Page ID #:58

FILED
CLERK, U.S. DISTRICT COURT
4/26/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VAM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JULIO ERNESTO LOPEZ-MENENDEZ,<br>　aka "Iroe,"<br><br>　　　　Defendant. | CR  2:22-cr-00166-AB<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii): Distribution of Methamphetamine; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 26 U.S.C. § 5861(i): Possession of Firearms Not Identified by Serial Numbers; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about January 31, 2022, in Los Angeles County, within the Central District of California, defendant JULIO ERNESTO LOPEZ-MENENDEZ, also known as "Iroe," knowingly and intentionally distributed at least 50 grams, that is, approximately 440 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about February 10, 2022, in Los Angeles County, within the Central District of California, defendant JULIO ERNESTO LOPEZ-MENENDEZ, also known as "Iroe," knowingly and intentionally distributed at least 50 grams, that is, approximately 442 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about March 8, 2022, in Los Angeles County, within the Central District of California, defendant JULIO ERNESTO LOPEZ-MENENDEZ, also known as "Iroe," knowingly and intentionally distributed at least 50 grams, that is, approximately 4,191 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about March 23, 2022, in Los Angeles County, within the Central District of California, defendant JULIO ERNESTO LOPEZ-MENENDEZ, also known as "Iroe," knowingly and intentionally distributed at least 50 grams, that is, approximately 2,175 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or about January 6, 2022, and continuing to on or about April 7, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant JULIO ERNESTO LOPEZ-MENENDEZ, also known as "Iroe," not being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the following firearms, on or about the following dates:

| DATE | FIREARM(S) |
| --- | --- |
| January 6, 2022 | a Masterpiece Arms, 9mm Uzi-style pistol, bearing serial number FX19012; a Smith & Wesson, model 732, .32 caliber revolver, bearing serial number AT005226; and six Polymer80, semi-automatic pistols, lacking serial numbers (commonly referred to as "ghost guns"). |
| January 20, 2022 | a Smith & Wesson, model M&P Shield, 9mm pistol, bearing serial number JDA6531 a Mossberg, model 590, 12-gauge shotgun, bearing serial number V1280682; and ten semi-automatic ghost gun pistols, lacking serial numbers. |
| January 31, 2022 | a 7.62 x 39mm semi-automatic AR-style ghost gun pistol, with a Faxon Firearms, model ARAK-21, upper receiver, bearing serial number FF-0553; a semi-automatic AR-type ghost gun pistol, lacking a serial number; and seven 9mm semi-automatic ghost gun pistols, lacking serial numbers. |

| DATE | FIREARM(S) |
|---|---|
| February 10, 2022 | a Glock, model 17, 9mm semi-automatic pistol, bearing serial number BTYT360;<br><br>a Sig Sauer, model P238, .380 ACP caliber semi-automatic pistol, bearing serial number 27C032245;<br><br>a Sig Sauer, model P320, 9mm semi-automatic pistol, with an obliterated serial number;<br><br>a Ruger, model LCP, .380 ACP caliber semi-automatic pistol, bearing serial number 72222729;<br><br>nine Polymer80 semi-automatic ghost gun pistols, lacking serial numbers; and<br><br>a short-barreled ghost gun AR-type rifle, lacking a serial number. |
| February 24, 2022 | a Walther, model PPK-S, .380 caliber semi-automatic pistol, bearing serial number 027146;<br><br>an M1911-type, .45 caliber semi-automatic ghost gun pistol lacking a serial number;<br><br>a Shadow Systems model, MR918, 9mm semi-automatic pistol, bearing serial number SSC005325;<br><br>a Glock, model 43, 9mm semi-automatic pistol, bearing serial number BAFM743;<br><br>a Heritage, model Barkeep MFG, .22 caliber revolver, bearing serial number 3PH170518;<br><br>two short-barreled AR-type ghost gun rifles, lacking serial numbers; and<br><br>nine semi-automatic ghost gun pistols, lacking serial numbers. |

| DATE | FIREARM(S) |
|---|---|
| March 1, 2022 | a Smith & Wesson model, M&P 9C, 9mm semi-automatic pistol, bearing serial number HLE7535; <br><br> a Khar Arms, model P380, .380 caliber semi-automatic pistol, bearing serial number RC2930; <br><br> a Sig Sauer, model P320, 9mm semi-automatic pistol, with an obliterated serial number; <br><br> a Glock, model 21, .45 caliber pistol, bearing serial number FHB234; <br><br> a Beretta, model unknown, caliber unknown, pistol, bearing serial number 851045; <br><br> a Sun City Machinery Co., model Stevens 320, 12-gauge shotgun, bearing serial number 203019D; <br><br> a Maverick Arms, model 88, 12-gauge shotgun, bearing serial number MV0469615; and <br><br> three Polymer80 semi-automatic ghost gun pistols, lacking serial numbers. |
| March 8, 2022 | a Glock, model 43X, 9mm semi-automatic pistol, bearing serial number BWKR525. |
| April 7, 2022 | a German Sports Guns, model GSG-522, .22 caliber semi-automatic rifle, bearing serial number A698366; <br><br> a Glock, model 19, 9mm semi-automatic pistol, bearing serial number BDLL077; <br><br> a Glock, model 43X, 9mm semi-automatic pistol, bearing serial number BWLU200; <br><br> a Glock, model 19, 9mm semi-automatic pistol, bearing serial number TNP664; <br><br> a Glock, model 20GEN4, 10mm , semi-automatic pistol, bearing serial number BNNN541; <br><br> a Glock, model 29GEN4, 10mm semi-automatic pistol, bearing serial number BWKB136; <br><br> a Diamondback Arms Inc., model DB9, 9mm semi-automatic pistol, bearing serial number YM1267; |

| DATE | FIREARM(S) |
|---|---|
|  | a CANIK55, model TP-9SA, 9mm semi-automatic pistol, bearing serial number 15AP07405; <br><br> a Sig Sauer, model P320, 9mm semi-automatic pistol, with an obliterated serial number; <br><br> a Smith & Wesson, model M&P Shield Plus, 9mm semi-automatic pistol, bearing serial number JHB3806; <br><br> a Taurus International, model Spectrum, .380 caliber semi-automatic pistol, with an obliterated serial number; <br><br> a Herman Weihrauch, model EA/R, .357 Magnum caliber semi-automatic pistol, bearing serial number 1088966; <br><br> an Iberia Firearms, model JCP, .40 caliber semi-automatic pistol, bearing serial number 7263511; <br><br> a Masterpiece Arms, 9mm, semi-automatic Uzi-style pistol, bearing serial number F0822; <br><br> Two M1911-type, .45 caliber semi-automatic ghost gun pistols, lacking serial numbers; <br><br> a Glock-type, .40 caliber semi-automatic ghost gun pistol, lacking a serial number. <br><br> an AR-type, semi-automatic ghost gun pistol, lacking a serial number; and <br><br> a short-barreled semi-automatic ghost gun rifle, lacking a serial number. |

COUNTS SIX THROUGH NINE

[26 U.S.C. § 5861(d)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant JULIO ERNESTO LOPEZ-MENENDEZ, also known as "Iroe," knowingly possessed the following firearms, each with a barrel of less than 16 inches in length, each of which defendant LOPEZ-MENENDEZ knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and each of which had not been registered to defendant LOPEZ-MENENDEZ in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | DATE | FIREARM |
| --- | --- | --- |
| SIX | February 10, 2022 | an AR-type rifle, lacking a serial number (commonly referred to as a "ghost gun") |
| SEVEN | February 24, 2022 | an AR-type ghost gun rifle, lacking a serial number |
| EIGHT | February 24, 2022 | an AR-type ghost gun rifle, lacking a serial number |
| NINE | April 7, 2022 | a semi-automatic ghost gun rifle, lacking a serial number |

COUNTS TEN THROUGH THIRTEEN

[26 U.S.C. § 5861(i)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant JULIO ERNESTO LOPEZ-MENENDEZ, also known as "Iroe," knowingly possessed the following firearms, each with a barrel of less than 16 inches in length, each of which defendant LOPEZ-MENENDEZ knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and each of which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53:

| COUNT | DATE | FIREARM |
|---|---|---|
| TEN | February 10, 2022 | an AR-type rifle, lacking a serial number (commonly referred to as a "ghost gun") |
| ELEVEN | February 24, 2022 | an AR-type ghost gun rifle, lacking a serial number |
| TWELVE | February 24, 2022 | an AR-type ghost gun rifle, lacking a serial number |
| THIRTEEN | April 7, 2022 | a semi-automatic ghost gun rifle, lacking a serial number |

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

11

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Five of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

13

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Six through Thirteen of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm involved in any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL

                                                /S/
                                       Foreperson

TRACY L. WILKISON
United States Attorney

*Christina Shay for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOANNA M. CURTIS
Assistant United States Attorney
Chief, Violent & Organized Crime Section

JENNIFER CHOU
Assistant United States Attorney
Violent & Organized Crime Section

15